**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

22-805

STATE OF LOUISIANA

VERSUS

JUAN DE-DIOUS GAMBOA

************

APPEAL FROM THE
FOURTEENTH JUDICAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 3786-11
HONORABLE DAVID ALEXANDER RITCHIE, JUDGE

************

**CANDYCE G. PERRET**
**JUDGE**

************

Court composed of D. Kent Savoie, Van H. Kyzar, and Candyce G. Perret, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**

**Stephen C. Dwight**
**District Attorney- Calcasieu Parish**
**901 Lakeshore Dr., Suite 600**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Douglass Lee Harville**
**Louisiana Appellate Project**
**P.O. Box 52988**
**Shreveport, Louisiana 71135**
**(318) 222-1700**
**COUNSEL FOR APPELLANT:**
     **Juan De-Dious Gamboa**

**PERRET, Judge.**

On February 3, 2011, Defendant-Appellant, Juan De-Dious Gamboa, was charged by bill of information with one count of simple burglary of a vehicle belonging to another, in violation of La.R.S. 14:62. On April 15, 2011, Defendant-Appellant pled guilty to the charged offense. In exchange for Defendant-Appellant's guilty plea, the State agreed to dismiss a theft of a firearm charge in docket number 7014-11. That same day, Defendant-Appellant was given a deferred sentence under La.Code Crim.P. art. 893 with the following conditions: thirty days in parish jail, suspended; three years supervised probation; sixty days of community service; a fine of $500 plus court costs; participate in substance abuse screening and treatment at the discretion of the probation officer; pay $50 a month supervision fee; pay $5.50 per month sex offender technology fund; complete a life skills course of at least ten hours; and to pay $10 dollars a month to the Public Defender's Office. The trial court advised Defendant-Appellant that violating his probation could result in his probation being revoked and being sentenced to up to twelve years in prison.

At a probation revocation hearing on August 7, 2013, Defendant-Appellant was found to have violated his probation. The trial court sentenced Defendant-Appellant to five years at hard labor, which was suspended, and placed Defendant-Appellant on supervised probation for three years. On September 21, 2016, Defendant-Appellant appeared before the trial court for another probation revocation hearing. Defendant-Appellant admitted to the alleged probation violations, and the trial court extended Defendant-Appellant's probation for two more years. On August 9, 2017, Defendant-Appellant appeared before the trial court for yet another probation revocation hearing. Defendant-Appellant again admitted to the alleged probation violations, and Defendant-Appellant's probation was continued.

On March 27, 2019, Defendant-Appellant presented to the trial court to plead guilty to one count of aggravated flight from an officer in docket number 19468-18 and one count of aggravated flight from an officer in docket number 20757-18.[1] As a result, the trial court revoked Defendant-Appellant's probation in docket number 3786-11 and sentenced Defendant-Appellant to serve the previously imposed sentence of five years at hard labor.

On June 13, 2019, Defendant-Appellant filed a motion to reconsider in Docket Numbers 3786-11; 19468-18; and 20757-18, which was denied as untimely by the trial court on August 12, 2019. Defendant-Appellant filed his "Motion and Order for Appeal" bearing all three docket numbers on June 13, 2019. On August 12, 2019, the trial court granted Defendant-Appellant's motion for appeal as to his sentences only, finding that by pleading guilty Defendant-Appellant waived his right to appeal his convictions. On April 1, 2022, the trial court again signed an order granting Defendant-Appellant an appeal of his sentence and appointed the Louisiana Appellate Project to represent Defendant-Appellant on appeal.

On December 15, 2022, this court lodged three separate appeal records-one for each trial court docket number. On December 17, 2022, this court issued a rule to show cause why the appeal for underlying docket number 3786-11 should not be dismissed as the judgment from the probation revocation is not appealable. La.Code Crim.P. art. 912.1; *State v. Fort*, 13-933 (La.App. 3 Cir. 11/13/13) (unpublished opinion).

On January 12, 2023, Defendant-Appellant filed his response to the rule to show cause. While conceding that an appeal from a probation revocation should be

---

[1] Defendant-Appellant guilty plea in docket number 19468-18 is being appealed in KA22-806, and his plea in docket number 20757-18 is being appealed in KA22-807.

dismissed as it is not appealable, Defendant-Appellant asked that in the interest of judicial economy this court not dismiss the appeal because this case is "so inextricably intertwined" with Defendant-Appellant's pending appeals in KA22-806 and KA22-807. However, Defendant-Appellant also recognizes that a supervisory writ offers an avenue for him to seek review of his probation revocation judgment.

Louisiana Code of Criminal Procedure Article 912(C)(1) provides the right of judicial review by application to the court of appeal for a writ of review when a judgment is not appealable. The probation revocation judgment at issue in the pending appeal is not an appealable judgment. La.Code Crim.P. art. 912.1; *Fort*, 13-933. Accordingly, we hereby dismiss the Defendant's appeal. Defendant-Appellant may seek supervisory writs within fifteen (15) days of the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs, nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**